UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DAVID LUIS HUDLER,** *Plaintiff* | § § § § | |
| **v.** | § § § | CASE NO. __6:18-cv-27__ |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** *Defendant* | § § § § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), hereby removes this lawsuit pursuant to 28 U.S.C. §§ 1332 and 1446 on the grounds of diversity of citizenship and amount in controversy, and respectfully shows unto the Court as follows:

## I.
### BACKGROUND

1. On April 13, 2018 Plaintiff filed his Original Petition in state District Court of Victoria County, Texas, Cause Number 18-04-82550-B, styled *David Luis Hudler v. Allstate Vehicle and Property Insurance Company*. *See* Exhibit A (Plaintiffs' Original Petition).

2. Plaintiff's lawsuit against Allstate arises from property damage to his home, allegedly caused by a "severe weather related event" occurring on August 26, 2017. *Id.,* p. 3.

3. Plaintiff affirmatively pleads for relief "including damages of any kind, penalties, costs. Expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00." *Id.,* p. 18.

4. Plaintiff served Allstate with Plaintiff's Original Petition on April 23, 2018, by certified mail on its registered agent. *See* Exhibit B (Service of Process)

5.     Plaintiff asserts causes of action for negligence, breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing. *See* Exhibit A, pp. 8-16.

6.     The State Court's Record Search including Chronological Case History for this matter is attached herein.  *See* Exhibit C (Chronological Case History).

## II.
### GROUNDS FOR REMOVAL

7.     This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of removal.  Additionally, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* Exhibit A, pp.1, 18.

**A.     Diversity of Citizenship**

8.     Plaintiff, David Luis Hudler, is a natural person who resides in Victoria County, Texas. *See* Exhibit A, p. 1.  Plaintiff has not pled any other facts of residency, intentions to leave Texas, or domiciles in other States. *Id.* Accordingly, Defendant asserts that absent same, Plaintiff's citizenship at the time of filing suit and at the time of removal is properly established as the State of Texas. *See Hollinger* v. *Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

9.     As to Allstate, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Allstate is a foreign corporation incorporated under the laws of the State of Illinois and its principal place of business is in Cook County,

Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062. Accordingly, Allstate is a citizen of Illinois.

B.     **Amount in Controversy**

10.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant* v. *Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy - preferably in the removal petition, but sometimes by affidavit - that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

      a)   <u>It is facially apparent from Plaintiff's petition that the claim likely exceeds $75,000.00.</u>

11.    Plaintiff's petition seeks to recover actual damages, three times actual damages, eighteen (18) percent interest per annum, exemplary damages, compensatory damages, and reasonable and necessary attorney's fees. *See* Exhibit A, pp. 17-18. Plaintiff's petition also states a claim for monetary relief "in excess of $200,000.00 but less than $1,000,000.00." *See* Exhibit A, p. 18.

12.    While Texas Rules of Civil Procedure prohibits a plaintiff from declaring a specific amount in controversy, it is clear that Plaintiff's pleading does not attempt to avoid federal jurisdiction. In fact, it declares that he is seeking damages "in excess of $200,000.00 but less than $1,000,000.00". Further, Plaintiff fails to state he will not accept an award in excess of

$75,000.00, and thus allows for recovery in excess of the jurisdictional amount. *See Id.* The language of a pleading can serve as a binding stipulation only when the Plaintiff indicates that a plaintiff will <u>neither seek nor accept</u> an award in excess of the jurisdictional amount. *See Mokhtari v. Geovera Specialty Ins. Co.,* No. H-14-3676, 2015 WL 2089772, at *2; *Williams v. Companion Prop. & Cas. Ins. Co.,* No. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013)(citing *De Aguilar v. Boeing,* 47 F.3d 1404, 1411-12 (5th Cir. 1995)); *Espinola-E v. Coahoma Chemical Co.,* 248 F.3d 1138 (5th Cir. 2001)(per curium)(unpublished) ("[A] binding stipulation that a plaintiff *will not accept* damages in excess of the jurisdictional amount defeats diversity jurisdiction…")(emphasis added).

    b) <u>The facts in controversy support a finding of an amount in excess of $75,000.00.</u>

13. To determine the amount in controversy, the court may consider "policy limits, penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Circ. 1998). In determining the amount in controversy relative to coverage under an insurance policy, the Fifth Circuit defined the "object of the litigation" as the "value of the right to be protected." *Id.* For claims involving the applicability of the insurance policy to a particular occurrence, the amount in controversy is measured by the "value of the underlying claim." *Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908, 911 (5th Cir. 2000).

14. Here, the subject homeowners' policy forms the contractual basis for Plaintiffs' breach of contract claim. *See* Exhibit A, p. 5. The policy provides the following limits of liability coverage to Plaintiffs' property at issue as follows:

- Dwelling:            $ 133,148.00
- Other Structures:         $ 13,315.00
- Unscheduled Personal Property :   $ 79,889.00

*See* Exhibit D (Certified Policy).

15. It is this policy which serves as the basis of Plaintiff's breach of contract claim. *See Noyla,* 2013 WL 3353963, at *3 (noting plaintiff's breach of contract claim facially implicated the limits of the policy). Accordingly, the limits for the dwelling alone, without combining with the additional applicable property coverages under the policy, implicate an amount in controversy above the $75,000.00 jurisdictional threshold.

16. Further indication of the amount of the underlying claim is the value of the property in dispute. The insured property, located at 124 Timberlane, Victoria, Texas 77901, was appraised by the Victoria Central Appraisal District at $122,840.00 for the 2017 tax year. *See* Exhibit E (Victoria CAD Real Property Account Information).

17. Taking into consideration Plaintiff's unambiguous pleading, and absent a binding stipulation to the amount in controversy, as well as statutory penalties, attorney's fees, additional damages, and compensatory damages it is clear the amount in controversy exceeds the $75,000.00 threshold.

### III.
### REMOVAL IS PROCEDURALLY PROPER

18. This notice of removal is timely filed within thirty (30) days after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(l).

19. Venue is proper in this Court under 28 U.S.C. § 1441 (a) since this District and Division of this Court includes Victoria County, Texas, the place where the State Court suit was filed.

20. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

21. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of Webb County District Court.

{00431912}

## PRAYER

WHEREFORE, Defendant Allstate Texas Lloyd's requests that the Court accept jurisdiction over this case for the reasons set forth above, and grant Defendant any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO, ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Telephone:      (210) 598–8686
Facsimile:       (210) 598–8797

*/s/ Robert E. Valdez*
**Robert E. Valdez**
State Bar No. 20428100
S.D. Tex. Bar No. 9816
revaldez@valdeztrevino.com
**Michael M. Machado**
State Bar No. 12760475
S.D. Bar No. 22493
mmachado@valdeztrevino.com
*Counsel for Defendant*

{00431912}

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on May 16th 2018, in the manners prescribed below:

| | |
|---|---|
| James M. McClenny | *Via E-file* |
| J. Zachary Moseley | |
| Derek L. Fadner | |
| MCCLENNY MOSELEY & ASSOCIATES, PLLC | |
| 411 N. Sam Houston Parkway E., Suite 200 | |
| Houston, Texas 77060 | |
| e-Mail:   James@mma-pllc.com | |
|             Zach@mma-pllc.com | |
|            Derek@mma-pllc.com | |

*Counsel for Plaintiffs*


                                          */s/ Robert E. Valdez*
                                          **Robert E. Valdez**